## RICE v. MANLEY.

*Statute of frauds — third person not liable for false representations affecting contract void by — Damages — market price.*

S. agreed to sell plaintiff a quantity of cheese. The agreement was void under the statute of frauds. In consequence of the fraudulent misrepresentation of defendant who caused S. to believe that plaintiff had concluded not to take the cheese, S. did not deliver it. *Held* (overruling *Benton* v. *Pratt,* 2 Wend. 385, and following *Dung* v. *Parker,* 52 N. Y. 494), that plaintiff could not maintain an action against defendant for the damages resulting from the failure of S. to deliver the cheese.

Where merchandise sold has a market price at the place where it is to be delivered, in the absence of a different intention by the parties, that price must control in the measure of damages for a breach of the contract of sale, and resort can be had to the price in other places only when there is none at the place of delivery.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought in Allegany county by Herman Rice and another against Wilbur J. Manley to recover damages for the failure of one Stebbins to deliver cheese under a verbal agreement to that effect, which failure was caused by the false representations of defendant made to said Stebbins. The circumstances were these. The plaintiffs were copartners, transacting the business of buying and shipping cheese from various points in Allegany and Cattaraugus counties to New York city. In July, 1872, by a parol agreement plaintiffs purchased from Stebbins 24,000 pounds of cheese at eleven cents per pound, to be delivered at Cattaraugus station on the Erie railway. The cheese was purchased for the purpose of shipment to New York city. No part of the purchase price was paid and no part of the cheese delivered, but it was the intention of both parties to carry out the agreement, and it would have been carried out but for the interference of defendant. He was present at the time the agreement was made and heard its terms. Subsequently, without the knowledge of plaintiffs and with the intent to prevent the carrying out of the agreement and for the purpose of becoming himself the purchaser of the cheese, defendant caused to be sent to Stebbins a telegram, reading as follows :

"If you can sell the cheese do so. I don't care for it." This

was signed by the name "E. Rice," which it was intended Stebbins should understand to be one of the plaintiffs.   The telegram also contained this direction : " Send by special messenger," and defendant procured himself to be made the messenger to take it to Stebbins.   After delivering it to Stebbins defendant offered the same price for the cheese that plaintiffs had agreed to pay, and Stebbins believing such telegram to have come from plaintiffs accepted the offer.

Plaintiffs were at Cattaraugus station ready to receive and pay for the cheese at the time it was to be delivered.   Such other facts as are material appear in the opinion.

*Cary & Jewell*, for appellant.

*Angell & Jones*, for respondent, cited upon the question of the liability of defendant, *Benton* v. *Pratt*, 2 Wend. 385, 388 ; *Snow* v. *Judson*, 38 Barb. 210 ; *Brown* v. *Hall*, 5 Lans. 182.   Upon the question of the measure of damages, *Durst* v. *Burton*, 47 N. Y 167 ; *Wemple* v. *Stewart*, 22 Barb. 154 ; *Driggs* v. *Dwight*, 17 Wend. 71 ; *Giles* v. *O'Toole*, 4 Barb. 261.

MULLIN, P. J.   The case of *Benton* v. *Pratt*, 2 Wend. 385, is decisive of this case, if it has not been overruled.   In that case it was held that where a contract would have been fulfilled but for the false and fraudulent representation of a third person, an action will lie against such third person, although the contract was void by the statute of frauds.

In *Dung* v. *Parker*, 52 N. Y. 494, it was held that the defendant who had falsely represented that he had authority to lease a store to plaintiff for two years, in consequence of which plaintiff was put to expense in procuring fixtures to fit it up, was not liable for the damages resulting from such misrepresentation, the contract of leasing being void by the statute of frauds.

I am unable to discover any difference in principle between the cases first and last cited.   In both the party sued was acting as agent for others.   In both he was guilty of false representation, by means whereof the plaintiffs were injured, and in both the contracts were void by the statute of frauds.

If the defendant was not liable in the one case, he ought not to be held liable in the other.

The broad ground is taken by the court of appeals, that whenever a plaintiff is bound to prove a contract to entitle him to recover, and that contract is void by the statute of frauds, neither the parties to it nor any third person can maintain the action. Unless there was a contract between Rice and Stebbins for the sale and purchase of the cheese, Rice could not be damnified by the fraudulent representations of the defendant.

The learned judge who wrote the opinion in *Dung* v. *Parker* does not allude to the case of *Benton* v. *Pratt, supra,* nor to any of the cases that follow it, or that lay down the same proposition, notwithstanding the cases were cited by the respondent's counsel.

Again, plaintiff ought not to have been allowed to prove the price of butter in New York, and make that price and the cost of transportation the measure of damages. If property contracted to be sold has a market price at the place where it is or is to be delivered, that price must control unless the parties contemplated a different market, and resort can only be had to the price at other places where there is none at the place of delivery. *Durst* v. *Burton,* 47 N. Y. 167.

The referee has estimated the damages upon the value of cheese in New York. This was erroneous and the judgment for that reason should be reversed.

*Judgment reversed and new trial ordered.*